UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-21069-CIV-WILLIAMS/REID

MIRAGE YACHT, INC.,

    Plaintiff,

and

OCEAN STATE CREDIT UNION,

    Intervening Plaintiff,

vs.

M/Y 7 DAY WEEKEND, a 2003 74' Ferretti recreational vessel, U.S.C.G. No.: 1293619, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., *in rem*,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

This Matter is before the Court on Plaintiff Mirage Yacht, Inc.'s ("Mirage Yacht") Motion for Default Final Judgment *in rem* against the Defendant vessel, M/Y 7 DAY WEEKEND, a 2003 74' Ferretti recreational vessel, U.S.C.G. No.: 1293619, hull identification number: XFA73049A203, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc. ("M/Y 7 DAY WEEKEND" and "Vessel"). [ECF No. 21]. Judge Kathleen M. Williams referred the Motion to me for a Report and Recommendation after a clerk's default was entered against Defendant on August 17, 2022. [ECF No. 19, 28]. Having heard from Plaintiffs and reviewed the record and Motion, I **RECOMMEND** that Plaintiff's Motion for Final Default Judgment [ECF No. 21] be **GRANTED**.

## I. BACKGROUND

### The *In Rem* Action

Plaintiff Mirage Yacht filed this *in rem* action against the M/Y 7 Day Weekend in April 2022 pursuant to an assignment of lien or claim by Norseman Shipbuilding & Boatyard LLC ("Norseman"). [ECF No. 1]. Norseman is a full-service shipyard that provides vessel repair, maintenance, building, and dockage services. [ECF No. 21-6]. According to the Complaint, Norseman provided services and materials to the Vessel from July 2021 and April 2022. Specifically, Plaintiff alleges Norseman provided necessaries like dockage and various repairs to the Vessel totaling $99.869.27. [*Id.*].

Attached to the Motion for Final Default Judgment is a declaration by Norseman's manager, Carlos Martell, stating that Norseman provided the services and materials at the direction of the M/Y 7 Day Weekend's owner, Brian J. Cleary. [ECF No. 21-6 at 3]. Norseman was never paid for the services and repairs, which had been invoiced to Brian Cleary. [ECF No. 21-6 at 6]. As a result, Norseman executed a notice of claim of lien with respect to its unpaid balance for necessaries and later assigned its claim to Plaintiff Mirage Yacht, a vessel service provider in Miami-Dade County. [ECF No. 21-6 at 17, 19].

Plaintiff Mirage Yacht then brought this action *in rem* to enforce the maritime lien for necessaries provided to the Vessel. [ECF No. 1]. Mirage Yacht moved for issuance of a warrant *in rem* and for appointment as substitute custodian, and both motions were granted on May 13, 2022. [ECF No. 3–6]. Shortly after, Mirage Yacht filed proof of publication of a notice of action *in rem* and arrest of vessel in accordance with Supplemental Rule C(4) for Certain Admiralty and Maritime Action of the Federal Rules of Civil Procedure, and Local Admiralty Rule C(4). [ECF

No. 9]. The notice advised that any person having a claim against the Vessel was to file a claim against the vessel no later than fourteen days after process had been completed. [ECF No. 9].

Ocean State Credit Union ("Lender") filed a verified statement of interest, asserting it held a first preferred ship's mortgage against the Defendant Vessel that was superior in priority to Mirage Yacht's maritime line for necessaries. [ECF No. 13]. The Lender filed an intervenor complaint and moved for a supplemental warrant of arrest against the Vessel. [ECF No. 14, 20]. Next, Mirage Yacht obtained a clerk's entry of default and moved for a final default judgment against the Vessel. [ECF No. 18, 21]. The Lender eventually stipulated that it would not contest the issue of final judgment after default related to Plaintiff's claim against the Vessel, but the parties would "reserve rights, without prejudice, regarding the determination of priorities, liens, and claims and issues related to custodial expenses and costs." [ECF No. 23]. Since then, Judge Williams granted the Lender's motion for warrant *in rem* and referred the motion for final default judgment to me for a report and recommendation. [ECF No. 26, 27].

The Undersigned conducted a hearing on Mirage Yacht's motion for final default judgment on January 19, 2023. The Lender as the Intervening Plaintiff agreed to be bound by the final default judgment with respect to the issue of liability. The Lender, however, wished to reserve any rights regarding lien priority. Defendant or its authorized representative made no appearance. [ECF No. 30]. Having reviewed the record and heard from the Parties, I **RECOMMEND** granting Plaintiff's Motion for Final Default Judgment for the reasons discussed below.

## II.  LEGAL PRINCIPLES

Rule 55 of the Federal Rules of Civil Procedure outlines when a default judgment is appropriate, and states in relevant part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When a defendant defaults it is "deemed to admit the plaintiff's well-pleaded allegations of fact, [but] is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

To warrant a default judgment, the facts alleged in the pleadings must provide a sufficient basis for judgment. *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, "a court can enter a default judgment against a defendant who never appears or answers a complaint . . . ." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). The sufficiency standard is that "necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245.

### III. DISCUSSION

Here, a default final judgment is warranted because Defendant failed to defend this action. Local Admiralty Rule C(6) provides:

> (6) Time for Filing Claim or Answer. Unless otherwise ordered by the Court, any claimant of property subject to an action in rem shall:
>
> (a) File the claim within fourteen (14) days, beginning on the next calendar day, including Saturday, Sunday, or a legal holiday, after process has been executed; and
>
> (b) Serve an answer within twenty-one (21) days after the filing of the claim.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b)(2). *Bonifacio v. Ne. Acquisitions Grp., Inc.*, 798 F. Supp. 2d 1321, 1323 (S.D. Fla. 2011). *See Shoreline Marine Fuel Delivery, Inc. v. M/V "Lisanne"*, No. 13-21301-CIV-MOORE/TORRES, 2013 U.S. Dist. LEXIS 204767, at *4 (S.D. Fla. 2013) (awarding assigned

maritime lien for necessaries under final default judgment) (adopted by *Shoreline Marine Fuel Delivery, Inc. v. M/V Lissane*, 2013 U.S. Dist. LEXIS 204579 (S.D. Fla., Oct. 4, 2013)).

Process was executed with the May 17, 2022 arrest. [ECF No.10]. To date, no one on behalf of the M/Y 7 DAY WEEKEND has filed a Claim of Owner, an Answer to the Verified Complaint, or otherwise appeared or defended against the claims brought by Plaintiff Mirage Yacht. A clerk's default was entered against the Defendants on August 17, 2022. [ECF No.18]. The fourteen (14) and twenty-one (21) day deadlines for the filing of a Claim of Owner and Answer pursuant to Federal Rule of Procedure 12 and Local Admiralty Rule C(6) have expired. Plaintiff has satisfied the publication requirements pursuant to Local Admiralty Rule (C)(4), (C)(8), and Supplemental Rule (C)(4), properly publishing the Notice of Action in rem and Arrest of Vessel in the Daily Business Review on May 27, 2022. [ECF No. 11-1]. Plaintiff has also satisfied its notice obligations for the person with custody of the Vessel and anyone "known to have, or claims to have, a possessory interest in the property" pursuant to Local Admiralty Rule (C)(8)(a) and (b), by sending the owner and mortgage holder identified on the Vessel's abstract of title Notice of the Action and Arrest. (Ex.'s 1, 2, and 3 to Plaintiff's Motion). Therefore, the Court finds the Defendant to be in default.

### A. Mirage Yacht's Claim for Necessaries (Count I of Verified Complaint)

Mirage Yacht is entitled to final default judgment with respect to liability for Count I, Plaintiff's claim for enforcement of its lien for necessaries, as a result of Defendant's default. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). *See Shoreline Marine Fuel Delivery, Inc.*, 2013 U.S. Dist. LEXIS 204767, at *4. Mirage Yacht has established its claim based on Defendant's admission by default of the well

plead allegations of Plaintiff's claim as set forth in the Verified Complaint.

The Federal Maritime Lien Act, 46 U.S.C. § 31342, codifies the imposition of maritime liens. The statute expressly provides that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—(1) has a maritime lien on the vessel...." To establish a maritime lien on a vessel pursuant to § 31342, a plaintiff must prove (1) it provided "necessaries;" (2) at a reasonable price; (3) to the vessel; (4) at the direction of the vessel's owner or agent. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1249 (11th Cir. 2005). " 'Necessaries' includes repairs, supplies, towage, and the use of a dry dock or marine railway ..." 46 U.S.C. § 31301(4). "Necessaries" has been "liberally construed" to include:

> What is reasonably needed in the ship's business, such as goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function. Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged.

*Bradford Marine Inc., v. M/V Sea Falcon,* 64 F.3d 585, 589 (11th Cir. 1995) (internal citations and quotations omitted). "These items may be money, labor, skill, material, or personal services." *Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla*, 966 F.2d 613, 614 n.2 (11th Cir. 1992) (citing *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 603 (5th Cir. 1986)). "It is the present, apparent want of the vessel, not the character of the thing supplied, which makes it a necessary." *Equilease Corp.*, 793 F.2d at 603. *See Int'l Marine Resch. Inst., Inc. v. Rumpel*, 434 F. Supp. 2d 1304, 1313 (M.D. Fla. 2006) ("[e]xpenses incurred for maintenance, repairs, and dockage fall within the statutory definition of necessaries).

The vessel's manager, master, owner, and the vessel owner's agents have the authority to procure the provision of necessaries to the vessel. *See* 46 U.S.C. § 31341. Maritime liens for necessaries attach to a Vessel upon the provision of materials, supplies, or services and remain attached until they are paid in full. *Ex Parte Easton*, 95 U.S. 68 (1877).

> Under these sections, a presumption arises that one furnishing marine necessaries to a vessel has acquired a maritime lien. The lien attaches when the necessaries are ordered by, and supplied to, a party such as a charterer. The presumption is very strong that those who furnish marine necessaries look to the credit of the vessel, not merely to the owner or charterer.
>
> To overcome this very strong presumption and establish waiver of a maritime lien, a shipowner must prove that the creditor deliberately intended to forego this valuable privilege and to rely solely on the personal credit of a person or entity other than the vessel. This burden of proof is severe, such that even under the best of circumstances this position is difficult to sustain.

*S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta*, CASE NO. 85-2959-CIV-SPELLMAN, 1990 U.S. Dist. LEXIS 20942, at *16–17 (S.D. Fla. Mar. 28, 1990) (internal citations and quotations omitted).

The Verified Complaint [ECF No.1] sets forth well-plead allegations of fact, which are admitted by default and establish Plaintiff's claim for enforcement of its maritime lien for necessaries pursuant to 46 U.S.C. § 31342. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307. The Verified Complaint [ECF No.1] states that Norseman provided services and/or materials prior to April 1, 2022 in the amount of $99,859.27, plus accruing interest, for dockage, labor, services, storage, and/or equipment for the Defendant Vessel, M/Y 7 DAY WEEKEND "necessary for the continued operation of the vessel." [ECF No.1 ¶¶ 7, 27.] *See* Hatami Declaration, Ex. 5, ¶¶ 5-8; Martell Declaration, Ex. 6, ¶¶ 5-8). *See Int'l Marine Resch. Inst., Inc.*, 434 F. Supp. 2d at 1313. The services and materials provided were plead to "constitute 'necessaries' furnished to the vessel, M/Y 7 DAY WEEKEND, on the order of the vessel's owner and/or the owner's authorized agents under 46 U.S.C. § 31342." [ECF No.1 ¶¶ 25-26]. *See* Hatami Declaration, Ex. 5, ¶ 8; Martell Declaration, Ex. 6, ¶ 8. Finally, the necessaries were provided at a reasonable price as the "$99,859.27, which is due and owing, is fair and reasonable for the materials and labor provided." [ECF No. 1 ¶ 28; Hatami Declaration, Ex. 5, ¶ 14.] *See* Martell Declaration, Ex. 6, ¶ 13.

Mirage Yacht obtained its lien through a valid assignment by Norseman of the lien, as plead by Plaintiff. [ECF No. 1 ¶ 29; Lien Assignment, Ex. C to Hatami Declaration, Ex. 5; Ex. C to Martell Declaration, Ex. 6]. *See Barcliff, LLC v. M/V Deep Blue*, 876 F.3d 1063, 1074 (11th Cir. 2017) (holding "maritime liens are assignable"); *Shoreline Marine Fuel Delivery, Inc.*, No. 13-21301-CIV-MOORE/TORRES, 2013 U.S. Dist. LEXIS 204767, at *4.

Therefore, Plaintiff has established its entitlement and Defendant's liability with respect to Plaintiff's claim for enforcement of its lien for necessaries provided to the M/Y 7 DAY WEEKEND.

### B. Plaintiff is Entitled to Liquidated Damages Plus Costs and Interest

Plaintiff is also entitled to its liquidated damages of $99,859.27 for its lien for necessaries, plus costs and interest, without hearing. A court may award damages by default judgment "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (*quoting Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). *See Phawa, Ltd. Liab. Co. v. Marjaba Imp. & Exp. Corp.*, 2021 U.S. Dist. LEXIS 162723, at *6 (S.D. Fla. 2021) (a court may award damages by default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation ascertainable from documentary evidence or affidavits); *Shoreline Marine Fuel Delivery, Inc.*, No. 13-21301-CIV-MOORE/TORRES, 2013 U.S. Dist. LEXIS 204767, at *4.

The Verified Complaint [ECF No.1] sets forth Plaintiff's liquidated damages in this case of $99,859.27 for its lien for necessaries, plus interest and costs with the price of "$99,859.27,

which is due and owing, [being] fair and reasonable for the materials and labor provided." [ECF No. 1 ¶ 28, *ad admnum*].

Mirage Yacht submitted declarations in support of its lien for necessaries and damages in this matter from its owner, Mazyer Hatami (Ex. 5), and Norseman President and C.E.O. Carlos Martell (Ex. 6). Norseman's unpaid invoicing is for maintenance and dockage for the 74-foot vessel supplied from approximately July 2021 until April 2022. (Ex. A to Martell Declaration, Ex. 6). For ease of reference, the invoices are summarized in the chart below:

| Invoice Number | Amount |
| --- | --- |
| 902087 | $337.05 |
| 902508 | $61,699.53 |
| 902819 | $4,701.40 |
| 902923 | $7,150.72 |
| 903120 | $12,177.25 |
| Not indicated, hard space 2/1/22-4/1/22 | $13,793.32 |
| Total: | $99,859.27 |

Mr. Hatami and Mr. Martell declare and confirm that Norseman invoiced the Vessel owner for $99,859.27 for services and materials provided to the Vessel which is unpaid; that the services and materials which constitute the unpaid $99,859.27 were for Vessel repair services, including for propeller shafts and seals, cutlass bearings, sea cock valves, scoops and hoses; services and materials related to the storage and repair of the Vessel, including hauling, blocking, cleaning, dockage, storage, and taxes; that the services and materials are "necessaries" under 46 U.S.C. § 31342 being reasonably needed for the continued operation of the Vessel and were provided on

the order of the Vessel's owner or its owners' authorized representative; and that the amount of the charges are fair and reasonable. (Ex.'s 5, 6).

Based on the record, Plaintiff has established damages of $99,859.27 against the Defendant for necessaries provided to the Defendant vessel, M/Y 7 DAY WEEKEND. Further Mirage Yacht is entitled to recover its taxable costs.

### C. Pre-judgment Interest

Plaintiff Mirage Yacht is entitled to prejudgment interest on the outstanding $99,859.27, with interest accrued from April 1, 2022, the end date of Norseman's billing under its final invoicing (Ex.'s A to Martell Declaration, Ex. 6), at the prime rate. "Although an admiralty court has discretion to grant or deny prejudgment interest, the general rule in admiralty cases is that prejudgment interest should be awarded absent peculiar circumstances." *Chung, Yong Il v. Overseas Navigation Co., Ltd.,* 774 F.2d 1043, 1056 (11th Cir.1985). There are no peculiar circumstances in this matter that would prevent the award of prejudgment interest.

In admiralty cases without contractual prejudgment interest, the rate of prejudgment interest that should be awarded is the prime rate during the relevant period. *Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks*, 338 F.3d 1276, 1280 (11th Cir. 2003); *Maersk Line A/S v. Haribo Food 2004, Inc.*, No. 20-20666-Civ, 2020 U.S. Dist. LEXIS 132542, at *11 (S.D. Fla. July 24, 2020) (applying the " . . . rate of 5% per annum, which equals the prime rate, from April 25, 2018 (the date the debt became liquidated) to May 28, 2020 (the date the affidavit was drafted in support of Plaintiff's motion for fees.")) *See Golden Door Jewelry Creations, Inc. v. Lloyds*, 117 F. 3d 1328, 1341-42 (11th Cir. 1997) (prejudgment interest accrues from the date payment is due).

According to the website of the Federal Reserve Bank of St. Louis, the bank prime loan rate was 3.5% on April 1, 2022, 4% on June 1, 2022, and 5.5% on August 1, 2022.[1]  The average of these annual prime rate yields 4.33%.  Plaintiff is therefore entitled to prejudgment interest against M/Y 7 DAY WEEKEND at 4.33% on $99,859.27 from April 1, 2022 until the date of judgment.

### D. Post-judgment Interest

Plaintiff is entitled to post-judgment interest against both Defendants at ". . . a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment."  28 U.S.C. § 1961(a).  *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 1:16-cv-24687-WILLIAMS/SEITZ, 2020 U.S. Dist. LEXIS 162162, at *9 (S.D. Fla. Sep. 4, 2020).  This amount is 3.67% for the week ending September 9, 2022.[2]

Accordingly, it is **RECOMMENDED** that Plaintiffs' Motion for Default Final Judgment [ECF No. 21] be **GRANTED** and that a default final judgment be entered in favor of the Plaintiff Mirage Yacht and against the Defendant, M/Y 7 DAY WEEKEND, *in rem* for Plaintiff's maritime lien for necessaries against the Defendant vessel, M/Y 7 DAY WEEKEND.  The amount of the judgment should be $99,859.27, plus prejudgment interest at 4.33% on $99,859.27 from April 1, 2022 until the date of judgment, plus post judgement interest pursuant to 28 U.S.C. § 1961(a) for which let execution issue.  Plaintiff Mirage Yacht should also recover from Defendant, M/Y 7 DAY WEEKEND its costs to be determined following the submission of a Motion for Costs and/or

---

[1] Board of Governors of the Federal Reserve System (US), Bank Prime Loan Rate [DPRIME], retrieved from FRED, Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/DPRIME, September 13, 2022.

[2] Board of Governors of the Federal Reserve System (US), 1-Year Treasury Constant Maturity Rate [DGS1], retrieved from FRED, Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/DGS1, September 13, 2022.

Bill of Costs by Plaintiff. However, because the Lender has filed an intervening complaint in admiralty, this default judgment will not operate to adjudicate priorities among competing non-possessory lien claimants. Finally, the Court should reserve jurisdiction for the disposition of the Defendant Vessel, M/Y 7 DAY WEEKEND, including for the sale of the Vessel; to determine and award costs, *custodia legis* expenses, substitute custodial fees, and U.S. Marshals fees; and to enter such other and further orders as deemed proper.

Objections to this Report may be filed with the district judge within **FOURTEEN** (14) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 23rd day of January 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**